UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Civil Action No. 1:23-cv-00028-GNS-LLK

CHRISTOPHER B.                                                                                               PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                          DEFENDANT

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Disability Insurance Benefits (DIB) pursuant to Title II of the Social Security Act. [Doc. 1]. Plaintiff's motion for summary judgment is at Doc. 16, the Commissioner's response in opposition (fact/law summary) is at Doc. 19, and Plaintiff's reply is at Doc. 20. The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. [Doc. 12].

For the reasons below, the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence and in accord with applicable legal standards. Accordingly, the RECOMMENDATION will be that the Court DENY Plaintiff's motion [Doc. 16], AFFIRM the Commissioner's final decision, and DISMISS Plaintiff's complaint.

### The ALJ's decision

On March 29, 2022, the ALJ issued the Commissioner's final decision. [Administrative Record, Doc. 14 at 16-27]. The ALJ denied Plaintiff's claim, finding lack of disability from January 19, 2021, when Plaintiff alleges that he became disabled, through March 29, 2022, when the ALJ issued his decision.

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 19, 2021, when he alleges that he became disabled. *Id.* at 18.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, physical impairments:  degenerative disc disease of his cervical spine with cervicalgia, degenerative disc disease of his thoracic spine, and degenerative disc disease of his lumbar spine, bilateral shoulder pain, bilateral arm pain, bilateral hand pain, degenerative joint disease of his right hip, inflammatory polyarthritis/osteoarthritis, fibromyalgia, obstructive sleep apnea, obesity.  *Id.*

The ALJ found that Plaintiff has the following severe mental impairments:  major depressive disorder/unspecified depressive disorder, and unspecified neurocognitive disorder/mild major neurocognitive disorder/minor neurocognitive disorder.  *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.* at 19.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ found that, notwithstanding his physical impairments, Plaintiff can:

> … perform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently push and pull with his upper extremities … can occasionally climb stairs and ramps, but he cannot climb ropes, ladders, or scaffolds … can occasionally stoop, kneel, crouch, and crawl … can frequently reach overhead … can frequently handle, finger, and feel … must avoid concentrated exposure to temperature extremes, humidity, wetness, pulmonary irritants, and vibration … cannot work at unprotected heights or around hazards such as heavy equipment.

*Id.* at 20.

The ALJ found that, notwithstanding his mental impairments, Plaintiff can:

> … understand, remember, and carry out simple instructions and make simple work-related judgments … can maintain adequate attention and concentration to perform simple tasks on a sustained basis with normal supervision … can perform simple routine repetitive work … can manage and tolerate simple changes in the workplace routine … can adapt to the pressure of simple routine work … can interact occasionally with supervisors and coworkers sufficiently for task completion … can interact occasionally with the general public.

*Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work.  *Id.* at 26.

Fifth, the ALJ found that Plaintiff can perform a significant number of unskilled light jobs in the

2

national economy such as produce weigher, price marker, and toy assembler. *Id.* at 27.

### The ALJ's weighing of the medical opinions

In February 2022, Plaintiff's treating physicians, Stephanie Jones, M.D., and rheumatologist Scott Lewis, D.O. [doctor of osteopathic medicine], completed a one-page checkbox form styled "Medical Source Statement." [Doc. 14 at 436, 478]. Dr. Jones diagnosed "RA, DM-2, HTN, memory deficit, w/o RMSF," and Dr. Lewis diagnosed "M06.4, M51036, M797." *Id.* at 436, 478. Dr. Jones and Lewis found, among other things, that Plaintiff: 1) can stand/walk less than two hours in an eight-hour workday; 2) can sit approximately two hours in an eight-hour workday; 3) can occasionally lift and carry five pounds or less; and 4) would miss more than three days of work per month. *Id.*

In his March 2022 decision, the ALJ found these opinions of Drs. Jones and Lewis to be unpersuasive, unsupported, and inconsistent with other evidence in the administrative record:

> The undersigned finds their opinion inconsistent with the evidence of record. As just stated, the claimant has been treated very conservatively for his symptoms, and the diagnostic testing of record only showed mild to moderate abnormalities (Exhibits 1F, 2F, 5F, 6F, and 10F). Thus, the undersigned finds Dr. Jones and Dr. Lewis's opinion unpersuasive.

*Id.* at 22-23.[1]

### Legal Standards

Because Plaintiff filed his application for benefits in April 2021 [Doc. 14 at 16], the new rules for evaluating medical opinions apply. *See* 20 C.F.R. § 404.1520c ("For claims filed ... on or after March 27, 2017, the rules in this section apply."). Under the new rules, special evidentiary weight is no longer given to the opinion of treating medical sources such as Drs. Jones and Lewis. *See* 20 C.F.R. § 404.1520c(a).

---

[1] This Report disagrees with Plaintiff's assertions that the Commissioner "admits that the ALJ did not mention of dismiss supportability" [Doc. 20 at PageID.579 referencing Doc. 19 at PageID.569] and that the Commissioner's reliance on lack of supportability is "post hoc rationalization" [Doc. 20 at PageID.580]. The ALJ implicitly addressed the supportability factor when he found that "the diagnostic testing of record only showed mild to moderate abnormalities (Exhibits 1F, 2F, 5F, 6F, and 10F)." [Doc. 14 at 22-23]. The Commissioner's unpacking of the implications of this finding was not post hoc rationalization.

Rather, in determining the persuasiveness of a medical opinion, an ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors." 20 C.F.R. § 404.1520c(c)(1)-(5).  But the ALJ need only explain how he/she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion.  20 C.F.R. § 404.1520c(b)(2).

A reviewing court "may not try the case de novo nor resolve conflicts in evidence, nor decide questions of credibility."  *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).  Nor is the court to reweigh the evidence.  *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 174 (6th Cir. 2009).  "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently ... and even if substantial evidence also supports the opposite conclusion."  *Francis v. Comm'r*, 414 F. App'x 802, 805 (6th Cir. 2011).  Plaintiff bears the burden of demonstrating the need for a more restrictive RFC.  *Jordan v. Comm'r*, 548 F.3d 417, 423 (6th Cir. 2008).

**Findings and Conclusions**

This Report finds and concludes as follows:

1. It is undisputed that acceptance of the opinions of Plaintiff's treating physicians, Drs. Jones and Lewis, [Doc. 14 at 436, 478] would preclude all work and render Plaintiff disabled.

2. In light of the above legal standards, the ALJ's evaluation of the disabling opinions of Drs. Jones and Lewis [Doc. 14 at 22-23] adequately explained the supportability and consistency factors at 20 C.F.R. § 404.1520c(c)(1) and (2) – the two most important factors.  It is not this Court's role to engage in a more searching consideration of the other regulatory factors at 20 C.F.R. § 404.1520c(c)(3) through (5), to reweigh the ALJ's weighing of the evidence (as prohibited by *Price*), or to entertain arguments that show only that substantial evidence would have supported a different decision (as prohibited by *Francis*).

3. Plaintiff has not demonstrated the need for a more restrictive RFC (as required by *Jordan*).

4. As indicated above, the only clinical bases for their disabling findings were that Dr. Jones diagnosed "RA, DM-2, HTN, memory deficit, w/o RMSF," and Dr. Lewis diagnosed "M06.4, M51036, M797." [Doc. 14 at 436, 478]. Plaintiff does not explain the meanings of these medical abbreviations, acronyms, and codes, and they are not apparent. [Doc. 16]. Thus, there is no reason to depart from the general rule that the "mere diagnosis ... says nothing about the severity of the condition." *Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013) (quoting *Higgs v. Sec'y*, 880 F.2d 860, 863 (6th Cir.1988)). In other words, the ALJ properly rejected the disabling opinions for failure to identify adequate medical support.

5. Drs. Jones and Lewis gave their opinions on a checkbox form. [Doc. 14 at 436, 478]. An ALJ may "properly give little weight" to findings on a "check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings." *Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016).[2]

6. As indicated above (Finding 1), acceptance of the opinions of Drs. Jones and Lewis would have required the ALJ to find Plaintiff disabled. But the ALJ had the "final responsibility for deciding an individual's RFC." *Rudd v. Comm'r*, 531 F. App'x 719, 728 (6th Cir. 2013) (citing SSR 96-5p, 1996 WL 374183). To require the ALJ to base his RFC finding on any physician's opinion would, in effect, confer upon the physician the "authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Id.* (quoting SSR 96-5p).

---

[2] This Report declines to find that the cryptic diagnoses of Drs. Jones and Lewis on their Medical Source Statements [Doc. 14 at 436, 478] constitute adequate support to fall outside the *Ellars* rule.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Court DENY Plaintiff's motion for summary judgment [Doc. 16], AFFIRM the Commissioner's final decision, and DISMISS Plaintiff's complaint.

July 5, 2023

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

July 5, 2023

Lanny King, Magistrate Judge
United States District Court