UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00028-GNS-LLK

CHRISTOPHER B.                                                                                           PLAINTIFF

v.

MARTIN J. O'MALLEY,
Commissioner of Social Security[1]                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Objection (DN 22) to the Magistrate Judge's Report and Recommendation (DN 21). For the following reasons, the Magistrate Judge's Report and Recommendation is **ADOPTED**, and Plaintiff's Objection is **OVERRULED**.

### I.     BACKGROUND

Plaintiff Christopher B. ("Plaintiff") filed a Title II application for a period of disability and disability insurance benefits. (Admin. R. 16, DN 14). His claim was denied initially and again upon reconsideration. (Admin. R. 16). Plaintiff then requested and was granted a hearing with an Administrative Law Judge ("ALJ"). (Admin. R. 16).

In support of his application, Plaintiff submitted the opinion of his treating physician Dr. Scott Lewis ("Dr. Lewis")[2] whose opinion consisted of "a one-page checkbox form styled

---

[1] On December 20, 2023, Martin J. O'Malley ("O'Malley") was sworn in as Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d)(1), O'Malley is substituted for his predecessor, Kilolo Kijakazi, as the proper defendant in this action. *See* Fed. R. Civ. P. 25(d) (a public officer's successor is automatically substituted as a party).

[2] The Magistrate Judge also discussed Plaintiff's other treating physician, Dr. Stephanie Jones ("Dr. Jones"). (R. & R. 3). Because Plaintiff's objection only relates to the supportability and

1

'Medical Source Statement.'" (*See* Admin. R. 22-23; R. & R. 3, DN 21; Admin. R. 478). By checking boxes on the form, Dr. Lewis opined that Plaintiff could "stand/walk less than two hours in an eight-hour workday," "sit approximately two hours in an eight-hour workday," "occasionally lift and carry five pounds or less," and "would miss more than three days of work per month." (Admin. R. 22-23, 478). The ALJ found this opinion "inconsistent with the evidence of record" because Plaintiff "ha[d] been treated very conservatively for his symptoms, and the diagnostic testing of record only showed mild to moderate abnormalities." (Admin. R. 23). After a discussion of other evidence in the record, the ALJ determined that Plaintiff is not disabled. (Admin. R. 27). Plaintiff requested review of the ALJ's decision which was denied, so the ALJ's decision became the final decision of the Commissioner of Social Security. (Admin. R. 1). Plaintiff then filed this lawsuit appealing the decision. (Compl. ¶ 2, DN 1). Plaintiff filed a motion for summary judgment that was referred to the Magistrate Judge pursuant to 28 U.S.C. 636(b)(1). (R. & R. 1; Pl.'s Mot. Summ. J., DN 16). The Magistrate Judge filed a Report and Recommendation affirming the denial of benefits, and Plaintiff lodged a timely objection. (R. & R. 6; Pl.'s Obj. R. & R., DN 22 [hereinafter Pl.'s Obj.]).

## II.     STANDARD OF REVIEW

Upon timely objection to a Magistrate Judge's proposed finding of fact and recommendations for disposition produced under 28 U.S.C. § 636(b)(1), the Court is generally required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's

---

consistency factors attendant to Dr. Lewis's opinion, Dr. Jones' opinion will not be addressed. (*See* Pl.'s Obj. 2-3).

disposition that has been properly objected to."). There is an exception to this general rule, however, when an objection "merely incorporates portions of a [party]'s prior motion . . . ." *United States v. Ickes*, No. 1:15-CR-00004-GNS-2, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citation omitted). Such an objection does not rise to the level of a "'specific written objection[s] to the proposed findings and recommendations' as required by Rule 72(b)(2)." *Id*. (alteration in original) (citation omitted). "[A] reexamination of the exact same argument that was presented to the magistrate judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Id.* (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). When presented with an objection that only repeats arguments raised to the Magistrate Judge, the Court should review the objection only for clear error. *Id.*; *accord Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (alteration in original) (quoting *Barratt v. Joie*, No. 96CIV0324LTSTHK, 2002 WL 335014, at *1 (S.D.N.Y. 2002))). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Upon review of the administrative decision underlying a Magistrate Judge's report and recommendation, the Court must consider: "(1) 'whether the findings of the ALJ are supported by substantial evidence' and (2) 'whether the ALJ applied the correct legal standards.'" *Chaney v. Kajikazi*, No. 5:21-CV-112-TBR, 2022 WL 3586213, at *2 (W.D. Ky. Aug. 22, 2022) (quoting *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016)). "Substantial evidence is defined

as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently and even if substantial evidence also supports the opposite conclusion." *Id.* (internal citations omitted) (quoting *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011)).

### III.   DISCUSSION

Under 20 C.F.R. § 404.1520c(b)(2), supportability and consistency are "the most important factors" when considering the weight accorded a medical source's medical opinions. Plaintiff objects to the Magistrate Judge's Report and Recommendation, arguing that the ALJ applied the incorrect legal standard by failing properly to consider the supportability and consistency factors when evaluating the opinion of Plaintiff' treating medical expert Dr. Lewis as required by Section 404.1520c. (Pl.'s Obj. 2-3).

Plaintiff' objection only mentions the Magistrate Judge's report in its introductory paragraph. (*See* Pl.'s Obj. 1-4). The remainder of the objection rehashes the same argument that Plaintiff raised in moving for summary judgment. (*Compare* Pl.'s Mot. Summ. J. 7-9, DN 16 ("The ALJ erred by failing to properly consider the supportability and consistency factors that stem from 20 C.F.R. § 404.1520c."), *with* Pl.'s Obj. 2-3 ("[T]he ALJ failed to properly consider the supportability and consistency factors as required by 20 C.F.R. § 404.1520c.")). Therefore, because Plaintiff has merely "reiterate[d] his original argument[]" the Court will review the Magistrate Judge's Report and Recommendation only for clear error. *Manigaulte*, 659 F. Supp. 2d at 372.

4

A.      **Supportability**

With respect to supportability, Section 404.1520c(c)(1) explains that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  In short, supportability "refers to how the medical source's opinion is supported by the objective medical evidence and supporting explanations provided by that medical source."  *Chaney*, 2022 WL 3586213, at *3 (citations omitted).

Plaintiff argues that "[t]he ALJ failed entirely to address the supportability factor" and "never once considered what Dr. Lewis provided in support of his opinions."  (Pl.'s Obj. 2).  The Magistrate Judge disagreed with this assertion, finding that the ALJ "implicitly addressed the supportability factor when he found that 'the diagnostic testing of record only showed mild to moderate abnormalities."  (R. & R. 3 n.1 (internal citation omitted) (quoting Admin. R. at 23)). The Magistrate Judge concluded that the ALJ's evaluation "adequately explained the supportability . . . factor[] . . . ."  (R. & R. 4).  Plaintiff cites no authority stating that an ALJ is required to mention expressly the word "supportability" in his analysis, and several courts have held otherwise.  *See, e.g.*, *Darling v. Kijakazi*, No. 22-35594, 2023 WL 4103935, at *2 (9th Cir. June 21, 2023) ("An ALJ is not required to incant the 'magic words' of 'supportability' and 'consistency' in his findings."  (citation omitted)); *Ebeling v. Comm'r of Soc. Sec.*, No. 5:21-CV-00115-TBR-LLK, 2022 WL 3006209, at *3 (W.D. Ky. July 8, 2022) ("The ALJ may not have explicitly used the term 'supportability' from the updated regulations, but it is implied in her reasoning."); *Adams v. Kijakazi*, No. 1:21CV2199, 2023 WL 2347368, at *10 (N.D. Ohio Mar. 3,

5

2023) ("[A]n ALJ need not specifically use the terms 'supportability' or 'consistency' in her analysis." (citations omitted)).

Further, as the Magistrate Judge discussed, Dr. Lewis gave his opinion on a checkbox form. (R. & R. 5). The Sixth Circuit addressed medical opinions presented in check box form in *Thomas v. Commissioner of Social Security*, No. 21-3471, 2022 WL 633846 (6th Cir. 2022), reviewing an ALJ's decision denying the claimant's application for social security disability benefits. *Id.* at *1, *3. The ALJ gave less weight to the appellant's treating provider, but did not address whether the treating provider's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or was "not inconsistent with the other substantial evidence in [the appellant's] case record" as required by 20 C.F.R. § 404.1527(c)(2). *Id.* at *3-4 (citation omitted). The Sixth Circuit explained,

> At first glance the ALJ's explanation doesn't say whether Dr. Hartzfeld's questionnaire responses were well-supported by medically acceptable clinical and laboratory diagnostic techniques, nor does it find those responses inconsistent with a substantial amount of record evidence. Even still, the ALJ provided good reasons for discounting those responses: because many were check-box, Yes/No answers with little elaboration and little reference to record medical evidence.

*Thomas*, 2022 WL 633846, at *3. The court then remarked that "we have previously excused 'strict compliance' with regulations when, like here, an ALJ discounted unexplained '[f]orm reports in which a physician's obligation is only to check a box[.]'" *Id.* at *4 (alterations in original) (quoting *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016)).

As the Magistrate Judge explained, the ALJ's implicit explanation that Dr. Lewis' opinions were not supported because Plaintiff "ha[d] been treated very conservatively for his symptoms, and the diagnostic testing of record only showed mild to moderate abnormalities" was sufficient to satisfy Section 404.1520c, given that Dr. Lewis presented his opinion in a check box form devoid of explanations supporting his conclusions. (Admin. R. 23, 478 (citations omitted). Based

on the foregoing, the ALJ's evaluation of the supportability of Dr. Lewis' opinion did not deviate from the appropriate legal standard.  Therefore, the Magistrate Judge did not commit a clear error.[3]

**B.    Consistency**

With respect to consistency, Section 404.1520c explains that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."

Much of the same analysis applicable to the ALJ's consideration of supportability applies as well to the ALJ's consideration of the consistency as well.  Unlike supportability, however, Plaintiff admits that the ALJ discussed Dr. Lewis' consistency, but contends that the ALJ's analysis was insufficient because he failed to discuss the consistency between the opinions of Dr. Lewis and Plaintiff's other treating physician, Dr. Jones.  (Pl.'s Obj. 2-3).

The ALJ analyzed Dr. Lewis' and Dr. Jones' opinions in the same paragraph.  (Admin. R. 23).  While the ALJ did not expressly discuss the consistency between their opinions, he clearly explained that both of their opinions were inconsistent with the evidence of record.  (Admin. R. 23).  Further, by grouping the opinions together, it is apparent that the ALJ considered the opinions consistent, but did not find this consistency outweighed the shared opinions' inconsistency with the other evidence.  (S*ee* Admin. R. 22-23).  Following the ALJ's brief discussion of Dr. Jones and Dr. Lewis' opinions, the ALJ went into an extended explanation of why the evidence of record did not support a finding of disability.  (Admin. R. 23-26).  As with the ALJ's discussion of supportability, the ALJ's truncated discussion regarding the consistency of these opinions is excused because both Dr. Jones and Dr. Lewis submitted their opinions as check box forms.

---

[3] Even under the higher *de novo* standard, the R&R would still be affirmed.

7

(Admin. R. 436, 478); *see Thomas*, 2022 WL 633846, at *3. The ALJ weighed the two checkbox opinions supplied by Plaintiff's treating physicians against the remaining evidence in the record and found the checkbox opinions inconsistent with the other medical evidence. (Admin. R. 22-23). This was not a misapplication of the consistency factor and, as the Magistrate Judge explained, it is not the Court's role to reweigh the evidence. (R. & R. 4); *accord Mullins v. Sec. of Health & Hum Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) (per curiam) ("Our task is not to reweigh the evidence. That is solely the province of the Secretary." (citing *Wokojance v. Weinberger*, 513 F.2d 210 (6th Cir. 1975)). Based on the foregoing, the ALJ's evaluation of Dr. Lewis' consistency with the other evidence in the record did not deviate from the appropriate legal standard. Therefore, the Magistrate Judge did not commit a clear error.[4]

## IV.   CONCLUSION

Having found that the Magistrate Judge did not commit clear error, **IT IS HEREBY ORDERED** that Plaintiff's Objection (DN 22) is **OVERRULED**, the Magistrate Judge's Report and Recommendation (DN 21) is **ADOPTED**, the Complaint is **DISMISSED**, and judgment is **GRANTED** for the Commissioner. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

January 9, 2024

cc:   counsel of record

---

[4] Having found that the ALJ did not deviate from the appropriate legal standard, even under a *de novo* standard of review, Plaintiff's objection would not be well-taken.